WAGGONER, appellant, v. FINCH *et al.*

*Evidence — when order of court may be contradicted — reserving decision on inadmissibility of testimony.*

In certain actions, the attorneys for one of the parties were, by the report of the referee and the order of the court, allowed $900 for their services. In an action by the party to recover moneys received by the attorneys in such actions:

*Held,* that the proceedings and order of the court in the previous actions were not such an adjudication, as to the value of the services of such attorneys, that they could not be contradicted by parol evidence.

The evidence being offered, the referee received it and reserved the question of its admissibility until the final disposition of the case, when he rejected it.

*Held,* that the question of admissibility should have been passed upon at the time it was raised, and not reserved.

THIS is an appeal from a judgment on the report of a referee. The action was brought to recover moneys received by the defendants as attorneys for plaintiff, and which they claimed the right to retain, for services rendered in the prosecution of two actions in this court, in which one Stanley Martin was plaintiff, and George S. Martin and Russel Martin were defendants, the plaintiff being the party in interest, the causes in action having been assigned to her.

The cause being at issue was referred to a referee, and tried by him.

The referee finds that the defendants, as the attorneys and counselors of the plaintiff, received from the clerk of Cattaraugus county, upon the order of this court, being moneys recovered in said action, as set forth in the complaint, the sum of $2,792.71, and subsequently received of the sheriff of said county, upon executions issued in said actions, the further sum of $432.12, making in all $3,230.83.

That, before the commencement of this suit, the defendant Finch paid to the plaintiff, out of such moneys, the sum of $1,900, leaving $1,330.83 in the hands of the defendants.

He further reports, that before the commencement of this suit, in a proceeding in this court, wherein the plaintiff was a party, it was determined and adjudged that the services of the said defendants in the prosecution of the said actions were of the value of $900, and by order of this court, the clerk of said county was ordered and directed to pay to said defendants said sum of $900, in payment and

satisfaction thereof; and the said referee further finds and reports, that such services, including expenses and disbursements expended and incurred therein, were of the value of $900.

And the said referee further reports, that before the commencement of this suit the said defendants had rendered professional services for said plaintiff, at her request, in divers actions and proceedings, and that such services were worth the sum of $635, and that no part of the same had been paid except $75, and that the balance of said sum of $635, $565, was due and owing to said defendants from the plaintiff.

And the said referee finds, as matter of law, that the defendant Finch, who alone answered, is entitled to recoup and set off said sum of $560 against the plaintiff as a defense thereto, and that the said defendant recover the costs of his defense in said action.

*A. & R. Champlain,* for appellant.

*J. B. Finch,* for respondent.

E. D. SMITH, J.   This case comes before us on a bill of exceptions, with the report of the referee.

On the trial it appeared that the plaintiff offered evidence tending to show that, pending the proceedings before the referee, instituted by the receiver upon the supplemental proceedings to reach the moneys in the hands of the sheriff of Cattaraugus county, the plaintiff was advised by her attorney, one of the defendants, not to object, as he was going to put in as large a bill as he could on the hearing before Morris, referee, described in his answer, and that she must not object to their proving an allowance for as great a sum for their services as they could; that all extra allowance should be for her benefit, and they would only charge her such sum as the services were actually worth, and pay her the overplus, as in case they did not get a report for the whole sum, they wanted to save her in this manner as much as they could, as they were certain to get counsel fees, allowed by the referee, out of the fund; that she consented to such arrangements.

That when such evidence was offered it was objected to by the defendant Finch, upon the ground that the order made in the proceedings described in his answer was and is an adjudication as to the value of the defendants' services, and cannot be contradicted by parol evidence.

The referee intimated his opinion to be that the objection was well taken, but ruled that he would receive the evidence and reserve the decision of the question until the final decision of the cause; and that said referee finally decided that said proceedings and order of this court, as above stated, was and is an adjudication as to the value of the defendants' services and cannot be contradicted or varied by the evidence given in the action, to which decision the plaintiff duly excepted.

This exception we think well taken. The referee should have decided the question when the evidence was offered. It has been ruled in several cases that a referee in such case cannot reserve the question as to the admissibility of evidence offered, and decide it in the final disposition of the cause. The parties are entitled to have such questions passed upon at the time they are raised, so that they can govern themselves in the further trial of the cause in light of and in reference to such decision. It is true the referee received the evidence offered, and it also appears in his report that he found the value of the defendants' services to have been $900, but in the said report he expressly found and held, as matter of law, that such proceedings and order of this court referred to was and is an adjudication as to the value of said defendants' services, and cannot be contradicted or varied by parol evidence given in the case.

We think this decision erroneous. The plaintiff was not such a party to the proceedings referred to as to be concluded by that adjudication, as between her and the defendants. They were acting on such reference as her attorney in that proceeding, and not in an adversary relation. The question whether any part of such allowance of $900, made by the referee in that proceeding to the defendants for their services, belonged to the plaintiff as between her and her attorneys, was not litigated before the referee Morris, in that proceeding, and no question of that kind was considered by him or decided. We think the decision of the referee on the trial, and in his report on this question, were erroneous. If the referee had distinctly stated in his report that the same was based exclusively upon proof before him of the value of the defendants' services, and that he had not in any respect based his decision upon the said adjudication, we might perhaps sustain his report and judgment on the ground that the plaintiff was not injured by the error. But this does not appear and we cannot determine that such error did not control or affect the decision of the cause. It is apparently

based upon such decision in the report of the referee, and we do not see that the error is in any way cured.

The referee having expressly held that such adjudication was final and conclusive upon the parties, and could not be contradicted or varied by parol evidence, we cannot presume and hold that he disregarded his own decision on this point, and gave force and effect to the parol proof received.

The judgment should therefore be reversed and a new trial granted, with costs to abide the event.                              *So ordered.*